UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MICHAEL PHILLIPS #64881 | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-126 |
| | ) | *Greer/Inman* |
| JEFF SWAYZE, TRICOR; GARY INGRAM, TRICOR; LISA ALLEN, TRICOR; PATRICIA WEILAND, CEO TRICOR; SGT. NOAH LUNDY, TDOC; LT. DONALD HENSON, TDOC; REUBEN V. HODGE, Assistant Commissioner TDOC; DERRICK SCHOFIELD, Commissioner TDOC; ROBERT E. COOPER, JR., Tennessee Attorney General; & BILL HASLAM, Tennessee Governor, | ) | |
| all in their individual and official capacities. | ) | |

## **MEMORANDUM & ORDER**

Seeking punitive and compensatory damages in the full amount lost from an alleged illegal retaliatory termination of his prison job, Michael Phillips, an inmate in Northeast Correctional Complex [hereinafter NECX] in Mountain City, Tennessee brings this *pro se* civil rights action, under 42 U.S.C. § 1983, maintaining that defendants have entered into an overt or a covert conspiracy to deny him his constitutional rights. Defendants are various NECX officers, Tennessee Department of Correction [hereinafter TDOC] officials, the Tennessee Governor and Attorney General, and employees and officials of the Tennessee

Rehabilitative Initiative in Corrections Program (TRICOR), all of whom are sued in their individual and official capacities.

## I. The Filing Fee

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc. 1], and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and to Derrick Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein. All payments should be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

## II. Screening Procedure

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)*, overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed. A court performing the screening procedure must be mindful of the rule which requires a *pro se* pleading to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Plaintiff's Contentions

According to the complaint, at the time his problems began, plaintiff made $7.45 per hour (the minimum wage) and worked 36-39 or more hours per week as a clerk in the wood flooring plant owned by Shaw Industries, a free world company with whom TRICOR holds a contract for TDOC prisons. Part of plaintiff's duties compelled him to discuss certain practices related to the hiring and scheduling of inmates for shift work—practices which he saw as creating an imbalance between direct and indirect workers.

In mid-November of 2010, plaintiff entered the TRICOR office of defendant Lisa Allen to discuss the matter and requested that she not change any inmate's first or second shift schedule. Defendant replied that she did not do that and plaintiff responded, "Okay," and left her office, informing her that he would talk to other individuals about the matter.

3

Defendant Allen complained about the conversation to defendant Jeff Swayze, of TRICOR, and Officer Mark Lundy. Officer Lundy, in turn, discussed the matter with defendant Donald Henson, who told him to give plaintiff a write up. Officer Lundy issued plaintiff a disciplinary report for disrespect, but the report was dismissed by the Disciplinary Board.

However, prior to the Disciplinary Board hearing, plaintiff was summoned to defendant Swayze's office and told that he would have three days off without pay, which plaintiff accepted since he believed that he had no recourse. However, upon researching the relevant policies and learning that TRICOR/TDOC had no authority to force him to take days off, plaintiff filed a grievance against defendant Swayze. A hearing on the grievance was held in plaintiff's absence and hours later, defendant Gary Ingram of TRICOR called plaintiff into his office and said: "I hear that you did not like the three days off so you are terminated. Now go ahead and file your little lawsuit." Defendant Ingram then had plaintiff escorted from the building.

Plaintiff filed a grievance complaining about the retaliatory termination. Neither of his grievances has reached a conclusion and both are languishing at TRICOR/TDOC in Nashville awaiting a response from, *inter alia*, defendant Reuben V. Hodge, Assistant TDOC Commissioner. When it became apparent that the time-limits for a response to his grievance appeals had been exceeded, plaintiff wrote a letter concerning the matter and sent copies to four defendants, Governor Bill Haslam, Attorney General Robert E. Cooper, Jr., TDOC Commissioner Derrick Schofield, and TRICOR's Chief Executive Officer, Patricia Weiland, for the purpose of advising them of the above chain of events. Contrary to policy, plaintiff

4

has not been placed back on the job registry. This he attributes to requests made by defendant Swayze and TRICOR and this has caused him to lose thousands of dollars in pay.

Plaintiff contends that the TRICOR/TDOC defendants have conspired to deny him his constitutional rights and that they denied him a forum to air his complaints, punished him for trying to do so, and denied him rights secured to him by the First and Fourteenth Amendments to the U.S. Constitution.

### IV. Law & Analysis

A. *Official-Capacity Claims*

Plaintiff seeks damages from the defendants in both their individual and official capacities. These defendants are Tennessee's Governor and Attorney General, as well as various officials, employees, and officers of the Tennessee Department of Correction, an agency of the State of Tennessee. This is significant because the Eleventh Amendment bars an action for damages in a federal court against a State, a state agency, or any of its employees in their official capacities, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986).

Congress has not abrogated Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332 (1979), and Tennessee has not waived it. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980). Accordingly, the defendants, in their official capacities, are entitled to immunity from damages.

B. *Prison Job/ Grievances/Letters*

5

To state a claim under 42 U.S.C. § 1983, plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

To the extent that plaintiff is claiming any entitlement to TRICOR employment or to have his grievances acted upon, the first element is missing. An inmate has no constitutional right to a prison job, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989), or to a grievance procedure. *Adams v. Rich*, 40 F.3d 72, 75 (4th Cir. 1994); *see also Alder v. Correctional Medical Services*, 73 Fed.Appx. 839, *841, 2003 WL 22025373, *2 (6th Cir. Aug. 27, 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). The failure of a prison official to review favorably or, by logical extension, timely a grievance or an administrative appeal of a grievance provides no basis for section 1983 liability. *See Ramsey v. Martin*, 28 Fed.Appx. 500, *502, 2002 WL 169559, *1 (6th Cir. Jan. 31, 2002). Plaintiff, therefore, was not deprived of a right secured by the Constitution and has no valid § 1983 claim involving the denial of a job or a delay or rejection of grievances and, accordingly, these claims are **DISMISSED**.

A corollary to the grievance issue are allegations concerning plaintiff's writing letters to Tennessee's highest elected or appointed officials. These allegations are no more successful than the ones concerning the grievance. They too are **DISMISSED** for failure to state a claim because plaintiff has no right to receive a response to a letter. *See, e.g., Burks v Raemisch*, 555 F3d. 592, 596 (7th Cir. 2005) ( "[Plaintiff's] view that everyone who knows

6

Case 2:11-cv-00126 Document 8 Filed 02/03/12 Page 6 of 10 PageID #: 139

about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

C. *Overt and Covert Conspiracy*

Plaintiff's claim that defendants engaged in a conspiracy to deny his constitutional rights has no facts to support it. Claims of a conspiracy must be pled with specificity; vague and conclusory allegations, unsupported by facts, are not enough. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). This is an apt description of plaintiff's allegations—vague, conclusory, and bereft of facts. A court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Because these contentions are conclusory, they too fail to state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

D. *Violation of TDOC Policy*

Scattered throughout the complaint are contentions that TDOC's policies were violated in one way or another. Even if TDOC's policies have been violated, these errors do not rise to the level of a due process violation protected by the United States Constitution.

7

*See Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) (State authorities "may have been required to follow their own procedural statutes and regulations on parole . . . as a matter of state law, but there is not now any viable legal theory by which [] state authorities are required to follow such procedural rules as a matter of federal due process."). Since "[a] state statute cannot 'create' a federal constitutional right," *Harrill v. Blount County, Tenn.*, 55 F.3d 1123, 1125 (6th Cir.1995), by logical extension, neither can a prison policy (unless it violates the standard enunciated in *Sandin v. Conner*, 515 U.S. 472 (1995). Nothing approaching a due process violation is alleged in plaintiff's pleading. *See id* at 484 (State restraint of a prisoner violates due process only when the action exceeds the sentence in such an unanticipated manner as to implicate the Due Process Clause of its own force or when it imposes an atypical and significant hardship on the prisoner that is not a usual incident of prison life.)

E. *Retaliation*

Plaintiff's final contention is that he was terminated from his job to punish him for filing a grievance about being required to take days off work without pay. An inmate has a First Amendment right to file grievances against prison officials, so long as the grievance is not frivolous. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001). Prison officials who retaliate against a prisoner for engaging in protected conduct violate the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*).

Plaintiff has stated a colorable constitutional claim of retaliation against defendant Gary Ingram. Because this is the only arguable claim against any of the named defendants, all other defendants are **DISMISSED** for plaintiff's failure to state a claim against them.

### IV.  Service

Accordingly, the Clerk is **DIRECTED** to send plaintiff a service packet (a blank summons and USM 285 form) for defendant Ingram. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office **within twenty (20) days** of the date on this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service.

### V.  Pending Motions

The first of two outstanding motions is a motion in limine, in which plaintiff asks the Court to review the mathematical computations of NECX's trust fund officer. The motion, Doc. 3], is **DENIED**. The second motion is also a motion in limine, in which plaintiff seeks to amend his complaint in the event that it fails to state a claim under prevailing precedents. This motion, [Doc. 4] likewise is **DENIED** as moot, since the complaint has been found to state a retaliation claim.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE