UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MICHAEL PHILLIPS#64881 | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-126 |
| | ) | *Greer/Inman* |
| JEFF SWAYZE, TRICOR, et al. | ) | |

### **MEMORANDUM**

This Tennessee prisoner's *pro se* civil rights action under 42 U.S.C. § 1983 was filed on April 28, 2011, (Doc. 2). In a prior order, (Doc. 15), the Court noted that Rule 4(m) of the Federal Rules of Civil Procedure allows a court to dismiss an action against a defendant if a plaintiff fails to accomplish service of process upon that defendant within 120 days after the complaint is filed, that this case had been languishing on the docket for more than one year and a half, and that the record contained no evidence that plaintiff has achieved service of process on the sole remaining defendant. The order also required plaintiff to inform the Court as to when and how he expected to achieve service on defendant or otherwise to show good cause as to why this case should not be dismissed for failure to prosecute.

Before the Court is plaintiff's response, in which he explains that he filed suit prior to the expiration of the statute of limitations and that, given his status as an inmate, he has no open access to a telephone, Internet, or funds to hire anyone to locate defendant, (Doc. 16). He asks the Court to abate this action, until he appears before the parole board in April of 2016, surmising that there exists a good possibility that he will be released on parole after serving 45 years of incarceration.

This response is not well-taken. Plaintiff was an inmate when he chose to file this lawsuit and, presumably, was faced with the same limitations on his telephone and Internet access and, likely, was in the same or similar financial position. Surely, plaintiff considered these circumstances before deciding to file this lawsuit. Secondly, short of having the U.S. Marshal's Service serve as plaintiff's private investigator, the Court has done everything in its power to assist plaintiff in his efforts to locate the defendant, (*see* Docs. 10 and 13). Finally, the Court is disinclined to abate this lawsuit for the open-ended period of time plaintiff proposes—until his possible release on parole two years hence. Even in the habeas corpus context, abatement is available for a set amount of time, as a petitioner is allowed only thirty days to take an unexhausted federal claim to the state court for resolution and only thirty days to return to a federal habeas court after he litigates the claim in state court. See. *Rhines v. Weber*, 544 U.S. 269 (2005). Notably, in the habeas context, the federal claims are being actively litigated during the abatement phase, unlike the present scenario, where the case would lie dormant for an indefinite period of time.

For all these reasons, the Court finds that plaintiff has not shown good cause and will dismiss this case by separate order under Rule 4(m).

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

2

Case 2:11-cv-00126-JRG-DHI   Document 17   Filed 01/24/14   Page 2 of 2   PageID #: 171